UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Aaron Quincy Ingram,<br><br>　　　　　　　　　　Petitioner<br>v.<br>Joseph Lombardo, et al.,<br><br>　　　　　　　　　　Respondents | Case No. 2:21-cv-02092-JAD-VCF<br><br>**Order Dismissing Petition<br>and Closing Case**<br><br>[ECF No. 1] |

　　　Pro se Nevada criminal defendant Aaron Quincy Ingram brings this federal habeas action under 28 U.S.C. § 2241, asking this court to "[r]eview all documents by [the] Eighth Judicial District Court pertaining to" his pending state-court criminal proceedings and "dismiss [that] indictment with prejudice."[1]  Because I find on initial review that federal abstention is required, I dismiss Ingram's petition without prejudice and close this case.

## Background[2]

　　　Ingram is charged with battery with use of deadly weapon resulting in substantial bodily harm, attempt robbery with use of a deadly weapon, discharging firearm at or into occupied structure, murder with use of a deadly weapon, robbery with use of a deadly weapon, burglary of a business while in possession of a firearm, and ownership or possession of a firearm by prohibited person in *State of Nevada v. Ingram*, Case No. C-21-353886-1.  Trial is currently set for this month.  In this federal petition, Ingram alleges that he was arrested in violation of his Fourth Amendment rights, that he was subject to an unreasonable search and seizure, and challenges the grand jury hearing in the state district court.[3]  He asks this court to review all documents related to his case before the state district court and dismiss the state-court

---

[1] ECF No. 1 at 7.

[2] This procedural history is derived from Ingram's allegations and his criminal matters in the Eighth Judicial District Court for Clark County ("state district court").  I take judicial notice of the online docket records of the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx

[3] ECF No. 1

indictment.[4]

## Discussion

In *Younger v. Harris*, the Supreme Court held that the principles of comity and federalism generally preclude federal courts from interfering with ongoing state criminal proceedings when those proceedings implicate important state interests and provide an adequate opportunity to raise federal questions.[5] To avoid that interference, the United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."[6] Because Ingram's petition seeks federal judicial intervention in a pending state criminal proceeding, and the concerns he raises here can be addressed in that criminal proceeding, *Younger* abstention is appropriate.

Even if I were not dismissing this case based on *Younger*, I would dismiss it because Ingram has not alleged or demonstrated that he properly and fully exhausted his state court remedies. A state defendant seeking federal habeas relief to restrain ongoing state criminal proceedings must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts.[7] The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees.[8] As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts.[9]

---

[4] *Id.*

[5] *Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *Brown v. Ahern*, 676 F.3d 899, 900–01 (9th Cir. 2012).

[6] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

[7] *E.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court).

[8] *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[9] *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

No extraordinary circumstances are presented here. Ingram alleges that he was arrested without a warrant, and he challenges the constitutionality of the charges alleged in the indictment pending before the state court.[10] Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Ingram's situation is not different in substance from any criminal defendant facing potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. In addition, Ingram's pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights. For these reasons, abstention is required.

**IT IS THEREFORE ORDERED that:**

1. Petitioner Aaron Quincy Ingram's **petition is DISMISSED without prejudice**.[11]

2. A certificate of appealability is DENIED, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

3. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

4. Petitioner Ingram may not file any further documents in this closed case, except for a motion seeking reconsideration of this order or relief from the judgment entered. Any further filings or requests for relief must be presented in a new case with a new case number.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: January 3, 2022

---

[10] ECF No. 1.

[11] Given the multiple substantial defects presented, and because dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding or otherwise result in substantial prejudice, I find that dismissal, not merely a stay, is the appropriate remedy.